IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS R. DEDEAUX   #27210**                                                              **PETITIONER**

**versus**                                                    **Civil Action No.  1:10-cv-288-LG-RHW**

**RONALD KING, Superintendent, et al.**                                              **RESPONDENTS**

### REPORT AND RECOMMENDATIONS

Before the Court are [1] the petition for writ of habeas corpus filed June 24, 2010 by Douglas R. Dedeaux pursuant to Title 28, United States Code § 2254,  and [9] Respondents' September 17, 2010 motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). Petitioner's response to the motion to dismiss was due by October 4, 2010,[1] but he has neither filed a response nor requested any additional time to do so.  However, since this is a dispositive motion, the Court must consider it on its merits.  *L.U.Civ.R. 7(b)(3)(E).*  Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief was untimely filed, and that the petition should be dismissed with prejudice.

### Facts and Procedural History

Douglas R. Dedeaux was charged, as a habitual offender, with transfer of a controlled substance.  On November 10, 2003, he pled guilty to the charge in the Circuit Court of Harrison County, Mississippi and was sentenced to serve fifteen (15) years, day for day, in the custody of the Mississippi Department of Corrections.  [1, p.1]  By statute, there is no direct appeal from a guilty plea except to challenge the legality of the sentence.  An appeal for that limited purpose

---

[1] *L.U.Civ.R. 7(b)(4).*

must be filed within thirty (30) days after imposition of the sentence.  *See, Miss. Code Ann*. § 99-35-101 (no direct appeal from a guilty plea); see also *Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001) (exception to the statutory prohibition of appeal from a guilty plea allows appeal on the issue of legality of the sentence).  Dedeaux filed no appeal regarding his sentence, so his judgment became final on December 10, 2003, thirty days after he was sentenced.

Dedeaux filed no motion for post-conviction relief until April 5, 2007, and that motion was dismissed as untimely filed by order entered April 16, 2007, because under Mississippi law, a motion for post-conviction relief must be filed within three years after entry of the judgment of conviction. *Miss. Code Ann*. § 99-39-5(2).  The only motion Dedeaux filed within one year after his judgment became final was a motion to reconsider sentence.  Dedeaux filed that motion on September 10, 2004, and the state court denied it for lack of jurisdiction on October 13, 2004. Under Mississippi law, "once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment."  *Payne v. State*, 966 So.2d 1266, 1269 (Miss. App. 2007), quoting *Presley v. State*, 792 So.2d 950, 954 (Miss. 2001) (citing *Harrigill v. State*, 403 So.2d 867, 868-69 (Miss. 1981)).  *See also Owens v. State*, 17 So.3d 628, 632 (Miss. App. 2009).  The jurisdiction of the Circuit Court of Harrison County over Dedeaux's case ended when the November 2003 term of court ended, thus Dedeaux's motion for reconsideration, filed ten months later, was filed in a court without jurisdiction.

## LAW AND ANALYSIS

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Since Dedeaux filed no timely appeal, his judgment became final December 10, 2003, thirty (30) days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). At that time, the one-year statute of limitations for federal habeas relief began to run. Dedeaux filed no post conviction motion to toll the statute, nor has he presented anything to trigger the application of any equitable tolling of the limitations period.[2] Dedeaux's time for filing a federal habeas petition expired on December 10, 2004. Even if Dedeaux's motion for reconsideration of sentence were deemed to be a properly filed post-conviction motion, it would have tolled the statute for only 33 days, from its September 20, 2004 filing until it was denied on

---

[2]Equitable tolling applies only in rare and exceptional circumstances (*Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2003); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)), and requires that the petitioner show that he has been diligently pursuing his rights and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 130 S.Ct. 2549 (2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 4085, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Being incarcerated, without legal education, and ignorant of the law do not constitute "rare and exceptional" circumstances which will excuse untimely filing. *See Fisher v. Johnson*, 204 F.3d 710, 713 (5th Cir. 1999); *see also Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000).

October 13, 2004, and would have extended the deadline for filing a federal habeas petition only to January 12, 2005. Dedeaux's petition for federal habeas relief filed on June 24, 2010 is time-barred and should be dismissed with prejudice.

When, as here, a petition for relief under 28 U.S.C. § 2254 presents claims that are either contrary to law or plainly refuted by the record, no evidentiary hearing is necessary. *U.S. v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and relevant legal authority, the undersigned recommends that Respondents' motion to dismiss be **GRANTED** and Petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED** as untimely filed..

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen days to serve and file written objections to the report and recommendations. Objections must be filed with the clerk of court, served upon the other parties, and submitted to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding

or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 1st day of November, 2010.

/s/ Robert H. Walker
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE